## Bachman v. Rhoades et al., Appellants.

*Beneficial societies — Beneficiaries — Dependents — Partial support.*

The by-laws of a cigarmakers' union provided that if a member failed to designate the person "to whom his death benefit shall be paid" it was payable "to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member." Decedent died unmarried leaving to survive him, two aged parents. They filed a bill in equity against the union, an unincorporated beneficial society alleging their son's membership, death and other facts entitling them, under the by-laws, to death benefits. The answer denied that the decedent "was aiding to support" his parents and averred that they were not "wholly or partly dependent." Evidence was submitted that the decedent had paid to his parents certain sum of money for sometime prior to his death, but that for several months immediately preceding his death no money had been received.

*Held,* that the parents were partly dependent upon decedent, and were entitled to death benefits.

Argued March 10, 1919.    Appeal, No. 268, Oct. T., 1919, by defendants, from decree of C. P. Northampton County, in equity, June T., 1918, No. 3, in the case of William F. Bachman and Minnie Bachman v. William Rhoades, Pres.; Harry Bonden, Vice-Pres.; H. I. Eilenberger, Secy. and Treas., and Charles Arm, Nelson Heist, William Slaybecker and Frank Reeser, officers and members of Union No. 466 of the Cigarmakers' International Union, an unincorporated society representing themselves and all others interested in said society. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Bill in equity to compel the payment of death benefits.    Before STEWART, P. J.

The court below made the following findings of fact and conclusions of law and entered the following decree:

1. Edward J. Bachman was a member in good and regular standing of the defendant union. He died on the 29th day of May, 1917, aged 44 years, without having designated any one to whom benefits were to be paid, as provided by the hereinafter quoted by-law, leaving to survive him no widow and no children, but a father, William F. Bachman, and a mother, Minnie Bachman.

2. That the said Edward J. Bachman became acquainted with Mrs. Johanna Young, and for the last five or six years lived at her house, and was in part supported by her; that he paid no board to her, and she gave him money, including certain sums which he gave to his father and mother. For the last five years he was not a steady worker, and was a heavy drinker; that after the 10th day of January, 1917, up until the time of his death he was physically unable to perform physical labor, although he did work for short periods of time at various industries in that period of time.

3. That the said Edward J. Bachman agreed with his father and mother to pay them certain sums of money, and that he urged his parents to change their residence, and to take a house so that they could rent out rooms, and that for years he regularly contributed to their support, a detailed record of the amounts and the times being contained in Exhibit No. 3.

4. That William F. Bachman, the father of Edward J. Bachman, is 66 years of age. For 20 years he has been a cripple, and has been unable to work full time at his trade; that they have rented out rooms in their house, and from what he earned, and from the balance of rent after paying for light and heat, he and his wife have been able to live, but that they depended in part for their support upon the contributions which were paid by his son.

5. That at the time of the hearing he owned about $1,000 worth of household furniture, and a $100 Liberty Bond, and for six years had been paying $5 a month into a building and loan association, and they

had $1,500 in bank which was the balance received from certain moneys which were paid to the plaintiffs by various beneficial societies to which their son belonged after paying Johanna Young the sum of $500.

6. That a certain proportion of the moneys which the plaintiffs received from their son, Edward J. Bachman, was paid to him by Johanna Young, and that from the 10th day of January, 1917, until the time of his death, the plaintiffs received no money from the said Edward J. Bachman, or the said Johanna Young; and that by reason of the closing of her business by the mayor of Easton, the said Johanna Young was no longer able to give the said Edward J. Bachman the moneys which she had previously given him.

7. That the by-laws of the Cigarmakers' International Union of America is as follows:

"Sec. 144c. A member may, at any time, designate the person or persons to whom his death benefit shall be paid. Such designation shall be in writing, signed by such member and witnessed by the secretary of the local union to which such member belongs or by two other creditable persons, and such member may at any time thereafter in like manner change such designation. If there be no such designation, or if the paper making such designation be not deposited with the president of the international union within thirty days after the death of such member, such benefits shall be paid to the widow of such deceased member; if there be no widow, then to the minor children of such deceased member; and if there be no widow and no minor children of such deceased member, then to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member. If there be no written designation produced and deposited, as above required, no widow, no minor children, nor such dependent relative of such deceased member, or if no application in writing as hereinafter provided for the payment of such death benefit shall be made

within one year next after the death of such member, then all right and claim of any and every person to such death benefit shall wholly cease and determine.  Such application shall state the name and date of the death of the deceased member, a statement of the facts on which such claim is based shall be verified by the oath or affidavit of the applicant and shall be accompanied by the official report of such death or certified copy of such report.  In case the designation of the beneficiary of any such death benefit is made by a will the original of which is required by law to be filed in court, a certified or sworn copy of such will in lieu of the original may be deposited.  Want of knowledge of the death of a deceased member, or his membership, or of the liability of the union to pay such death benefit, or of any other fact, thing or happening shall not operate to extend the time for the doing or performing of any act or thing herein required to be done or performed by any beneficiary or claimant of any interest in or to any such death benefit."

### CONCLUSIONS OF LAW.

1. That under a proper construction of the by-law quoted above, the father and mother of Edward J. Bachman were dependent in part for their support upon the said Edward J. Bachman.

2. That the plaintiffs herein depended upon their son's contribution as a part of their income and means of living; and that they had reasonable expectation of receiving pecuniary advantage regularly and from time to time from their son, and depended upon it in part for their support.

3. That they are entitled to a decree ordering the defendants to pay them the sum of money stipulated in the by-laws of the Cigarmakers' International Union of America to be paid to a deceased member.

\*    \*    \*    \*    \*    \*    \*    \*    \*

And now, November 25, 1918, this cause came on to be heard at this term, and upon consideration thereof,

it is ordered, adjudged and decreed that the plaintiffs, William F. Bachman and Minnie Bachman, are entitled to receive from the defendants the sum of five hundred and fifty-five dollars, with interest from the 29th day of May, 1917, and that the defendants be ordered and directed to pay the said sum with interest to the plaintiffs, and pay the costs of this proceeding. The prothonotary will enter this decree nisi, and give notice of same to the parties or their counsel, and if no exceptions are filed within ten days, this decree shall be entered by him as a final decree.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the decree of the court.

*Frank P. McCluskey,* for appellant.—The plaintiffs were not dependent for support, either in whole or in part, upon the decedent at the time of his death and were not entitled to death benefits: Kalnick v. West Leechburg Steel Co., 3 Dept. Reports 236; Alexander v. Parker, 19 L. R. A. 187; Micanks v. Rochester & Pittsburgh Coal & Iron Company; Vol. 4, 1918, Workmen's Compensation Supplement to Dept. Reports, p. 897; Kalnick v. West Leechburg Steel Co., 3 Dept. Reports 263; Blanton v. Wheeler & Howes Co., 99 Atl. 494.

*Floyd B. McAlee,* for appellee.

PER CURIAM, July 14, 1920:

The by-laws provided that if decedent failed to designate the person "to whom his death benefit shall be paid," it was payable ".......to any relatives of the deceased member who at the time of his death were dependent for support in whole or in part upon such deceased member." Decedent died unmarried leaving his parents surviving. They filed a bill against the union, an unincorporated beneficial society, alleging their son's membership,

death and other facts entitling them under the by-laws to death benefits of $550, averring that payment had been refused and desiring a decree. The answer denied that decedent "was aiding to support" his parents and averred that they were not "wholly or partly dependent." That was the only question involved and was correctly disposed of by the learned court below.

The decree is affirmed. Appellant for costs.